UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-80380-MARRA/JOHNSON

JANE DOE NO. 4,

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

**AMENDED COMPLAINT**

Plaintiff, Jane Doe No. 4 ("Jane" or "Jane Doe"), brings this Amended Complaint against Jeffrey Epstein, as follows:

**Parties, Jurisdiction and Venue**

1. Jane Doe No. 4 is a citizen and resident of the State of Florida, and is sui juris.

2. This Complaint is brought under a fictitious name to protect the identity of the Plaintiff because this Complaint makes sensitive allegations of sexual assault and abuse upon a minor.

3. Defendant Jeffrey Epstein is a citizen and resident of the State of New York.

4. This is an action for damages in excess of $50 million.

5. This Court has jurisdiction of this action and the claims set forth herein pursuant to 28 U.S.C. §1332(a), as the matter in controversy (i) exceeds $75,000, exclusive of interest and costs; and (ii) is between citizens of different states.

6. Additionally, this Court has jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiff alleges a claim under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over all other claims set forth herein, which form part of

the same case or controversy.

7. This Court has venue of this action pursuant to 28 U.S.C. §§1391(a) and 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in this District.

**Factual Allegations**

8. At all relevant times, Defendant Jeffrey Epstein ("Epstein") was an adult male, 52 years old. Epstein is a financier and money manager with a secret clientele limited exclusively to billionaires. He is himself a man of tremendous wealth, power and influence. He maintains his principal home in New York and also owns residences in New Mexico, St. Thomas and Palm Beach, FL. The allegations herein concern Epstein's conduct while at his lavish estate in Palm Beach.

9. Upon information and belief, Epstein has a sexual preference and obsession for underage minor girls. He engaged in a plan and scheme in which he gained access to primarily economically disadvantaged minor girls in his home, sexually assaulted these girls, and then gave them money. In or about 2002-2003, Jane Doe, then approximately 15 years old, fell into Epstein's trap and became one of his victims.

10. Upon information and belief, Jeffrey Epstein carried out his scheme and assaulted girls in Florida, New York and on his private island, known as Little St. James, in St. Thomas.

11. Epstein's scheme involved the use of young girls to recruit underage girls. Haley Robson, a Palm Beach Community College student from Loxahatchee, Florida recruited girls ostensibly to give a wealthy man a massage for monetary compensation in his Palm Beach mansion. The young girls would be contacted when Epstein was planning to be at his Palm Beach residence or soon after he had arrived there. Ms. Robson, upon information and belief, generally sought out economically disadvantaged underage girls from western Palm Beach County who would be enticed by the money being offered - generally $200 to $300 per "massage" session - and who were perceived as less likely to complain to authorities or have credibility if allegations of improper

conduct were made. This was an important element of Epstein's plan.

12. Epstein's plan and scheme reflected a particular pattern and method. The underage victim would be brought to the kitchen entrance of Epstein's mansion, where she would be introduced to Sarah Kellen, Epstein's assistant. Ms. Kellen would then bring the girl up a flight of stairs to a bedroom that contained a massage table in addition to other furnishings. There were photographs of nude women lining the stairway hall and in the bedroom. The girl would then find herself alone in the room with Epstein, who would be wearing only a towel. He would then remove his towel and lie naked on the massage table, and direct the girl to remove her clothes. Epstein would then perform one or more lewd, lascivious and sexual acts, including masturbation and touching the girl's vagina.

13. Consistent with the foregoing plan and scheme, when Jane Doe was approximately 15 years old, she was recruited by Haley Robson to give Epstein a massage for monetary compensation. Jane was brought to Epstein's mansion in Palm Beach, to the kitchen entrance. Once there, Jane was introduced to Sarah Kellen, who led her up the flight of stairs to the room with the massage table. In this room, Jane was directed by Epstein to remove her clothes and give him a massage. Jane initially kept her panties and bra on, and complied with Epstein's instructions. Jane was paid by Epstein for this massage.

14. Jane returned on many occasions to the Palm Beach mansion to provide Epstein with massages. On those occasions, Epstein engaged in sexual contact and activity with the minor Jane, which included, among other things, directing Jane to remove all her clothes, masturbating during the massage, and digitally penetrating Jane's vagina. Jeffrey Epstein often used a vibrator on the minor Jane during the massage. This sexual abuse continued for approximately three years.

15. As a result of these encounters with Epstein, Jane experienced confusion, shame, humiliation and embarrassment, and has suffered severe psychological and emotional injuries.

## COUNT I
### Sexual Assault and Battery

16. Plaintiff Jane Doe repeats and realleges paragraphs 1 through 15 above.

17. Epstein acted with intent to cause an offensive contact with Jane Doe, or an imminent apprehension of such a contact, and Jane Doe was thereby put in such imminent apprehension.

18. Epstein made an intentional, unlawful offer of offensive sexual contact toward Jane Doe, creating a reasonable fear of imminent peril.

19. Epstein intentionally inflicted harmful or offensive contact on the person of Jane Doe, with the intent to cause such contact or the apprehension that such contact is imminent.

20. Epstein tortiously committed a sexual assault and battery on Jane Doe. Epstein's acts were intentional, unlawful, offensive and harmful.

21. Epstein's plan and scheme in which he committed such acts upon Jane Doe were done willfully and maliciously.

22. As a direct and proximate result of Epstein's assault on Jane, she has suffered and will continue to suffer severe and permanent traumatic injuries, including mental, psychological and emotional damages.

WHEREFORE, Plaintiff Jane Doe No. 4 demands judgment against Defendant Jeffrey Epstein for compensatory damages, punitive damages, costs, and such other and further relief as this Court deems just and proper.

## COUNT II
### Intentional Infliction of Emotional Distress

23. Plaintiff Jane Doe repeats and realleges paragraphs 1 through 15 above.

24. Epstein's conduct was intentional or reckless.

25. Epstein's conduct with a minor was extreme and outrageous, going beyond all bounds of decency.

26. Epstein committed willful acts of child sexual abuse on Jane Doe. These acts resulted in mental or sexual injury to Jane Doe, that caused or were likely to cause Jane Doe's mental or emotional health to be significantly impaired.

27. Epstein's conduct caused severe emotional distress to Jane Doe. Epstein knew or had reason to know that his intentional and outrageous conduct would cause emotional distress and damage to Jane Doe, or Epstein acted with reckless disregard of the high probability of causing severe emotional distress to Jane Doe.

28. As a direct and proximate result of Epstein's intentional or reckless conduct, Jane Doe, has suffered and will continue to suffer severe mental anguish and pain.

WHEREFORE, Plaintiff Jane Doe No. 4 demands judgment against Defendant Jeffrey Epstein for compensatory damages, costs, punitive damages, and such other and further relief as this Court deems just and proper.

## COUNT III
### Coercion and Enticement to Sexual Activity in Violation of 18 U.S.C. §2422

29. Plaintiff Jane Doe repeats and realleges paragraphs 1 through 15 above.

30. Epstein used a facility or means of interstate commerce to knowingly persuade, induce or entice Jane Doe, when she was under the age of 18 years, to engage in prostitution or sexual activity for which any person can be charged with a criminal offense.

31. Epstein's acts and conduct are in violation of 18 U.S.C. §2422.

32. As a result of Epstein's violation of 18 U.S.C. §2422, Plaintiff has suffered personal injury, including mental, psychological and emotional damages.

33. Plaintiff hired Herman & Mermelstein, P.A., in this matter and agreed to pay them a reasonable attorneys' fee.

WHEREFORE, Plaintiff Jane Doe No. 4 demands judgment against Defendant Jeffrey

Epstein for all damages available under 28 U.S.C. §2255(a), including without limitation, actual and compensatory damages, costs of suit, and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial in this action on all claims so triable.

Dated: September 22, 2008

                                            Respectfully submitted,

                                            By: s/ Jeffrey M. Herman _____.
                                                   Jeffrey M. Herman (FL Bar No. 521647)
                                                   jherman@hermanlaw.com
                                                   Stuart S. Mermelstein (FL Bar No. 947245)
                                                 ssm@hermanlaw.com
                                                 Adam D. Horowitz (FL Bar No. 376980)
                                                 ahorowitz@hermanlaw.com
                                                 HERMAN & MERMELSTEIN, P.A.
                                                 *Attorneys for Plaintiff*
                                                 18205 Biscayne Blvd., Suite 2218
                                                 Miami, Florida  33160
                                                 Tel:  305-931-2200
                                                 Fax: 305-931-0877

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Jeffrey M. Herman          .

**SERVICE LIST**
**DOE vs. JEFFREY EPSTEIN**
**CASE NO.: 08-CV-80380-MARRA/JOHNSON**
**United States District Court, Southern District of Florida**

Jack Alan Goldberger, Esq.
jgoldberger@agwpa.com

Michael R. Tein, Esq.
tein@lewistein.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Michael Pike, Esq.
mpike@bclclaw.com

              /s/ Jeffrey M. Herman